UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAURA S. MCCOOK                                                          CIVIL ACTION

VS.                                                                               NO. 2:17-CV-

UNUM LIFE INSURANCE COMPANY OF AMERICA

**COMPLAINT**

The Complaint of Laura S. McCook respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Laura S. McCook**, of lawful age, domiciled and residing in Rockwall, Texas, is a plan participant and beneficiary of an ERISA plan created by her employer, Ubisoft, Inc. and an insured participant of a group disability policy issued by Unum Life Insurance of North America.

4. Defendant, **Unum Life Insurance Company of North America** ("UNUM"), is a foreign corporation, doing business in Louisiana. Upon information and belief, UNUM is incorporated in Portland, Maine, and its principal place of business is in the state of Maine.

5. UNUM issued a group policy, No. 143653-002, insuring the employees of Ubisoft, Inc. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis.

8. Plaintiff suffers from chronic autonomic dysfunction related to neurotoxicity with symptoms such as abnormal heart rate variability, autonomic nerve system dysfunction. Due to her weakened immune system, her doctor has ordered strict avoidance of all incitants including ambient levels of petrochemicals, solvents, pesticides, fragrances, and molds. Ms. McCook's disabling symptoms are noted throughout her medical records demonstrating that she suffers from severe fatigue, insomnia, dizziness, vertigo, malaise, soreness, abdominal pain, back pain, brain fog, memory loss, anxiety and depression.

9. Plaintiff is disabled under the terms of the disability policy issued by UNUM. Indeed, Unum's group life insurance department had agreed that she was disabled under the terms of the group life insurance policy such that she would qualify for continuing coverage under that policy without payment of premiums.

10. Plaintiff's doctors have fully supported her disability claim.

11. The Social Security Administration has also determined that Plaintiff is disabled under Social Security disability guidelines and has determined that the medical evidence demonstrated that she suffers from the following severe impairments: toxic encephalopathy, chemical sensitivity, neurocognitive disorder, and adjustment disorder with mixed anxiety and depressed mood.

12. Unum terminated Ms. McCook's disability benefits by letter of September 2, 2016 in which it states that the mental illness limitation of 24 months applies. Unum claims that her benefits began on June 30, 2014 for a disability based on anxiety and depression. Unum also relies on its unnamed in-house reviewing doctor's opinion that there is no evidence demonstrating that Plaintiff is disabled due to chemical sensitives/environmental toxicity.

Unum further opines that there is no evidence of toxic exposure and that there is no evidence of an organic cognitive disorder.

13. Plaintiff appealed the denial by letter of March 1, 2017 providing Unum with overwhelming evidence that Plaintiff suffers from debilitating chemical sensitivity and environmental toxicity, such as diagnostic testing, letters from her providers, inter alia. She also provided specific evidence demonstrating her toxic exposure, as well as diagnostic imaging demonstrating neurotoxicity in her brain. Plaintiff also demonstrated that the 24-month mental illness limitation would only preclude Plaintiff's benefits if her disability claim was based solely on mental illness, whereas Plaintiff is not disabled solely due to a mental disorder. While she has experienced debilitating anxiety and depression, such conditions are additional symptoms of the neurotoxicity confirmed by diagnostic testing, which Unum has ignored. In this regard, Plaintiff explained in her appeal letter that her disability claim has always been based on her physiological condition causes by neurotoxicity.

14. Upon receiving Plaintiff's appeal, ERISA mandated that Unum render a decision within 45 days. ERISA also allows Unum the opportunity to request a one-time extension of an additional 45 days, if necessary. Thus, Unum had a total of 90 days to render a decision after receiving Plaintiff's appeal. 2560.503-1(i)(l)(i)

15. Instead of rendering a decision within the 90-day period allowed under ERISA, Unum scheduled an independent medical examination ("IME") to occur on June 2, 2017, which was past the deadline in which Unum had to decide the appeal. Plaintiff therefore refused Unum's request to attend this examination providing Unum with caselaw in which several courts have found that an insured is justified in refusing to attend an IME that is scheduled

after the time ERISA allows an insurer to render a decision after receiving an appeal. Plaintiff also explained that she would be willing to attend the IME if Unum agreed to reinstate her benefits.

16. Unum refused to reinstate her benefits and instead denied her appeal by letter of June 9, 2017, arguing that Ms. McCook's refusal to attend an IME was unjustified.  Unum also made several statements in the denial letter that were factually inaccurate.

17. Plaintiff responded to Unum's letter denying her appeal by letter of July 21, 2017, explaining that Unum's denial letter had misstated many facts. Plaintiff provided additional evidence in support of her appeal in order to clear the record, including a rebuttal letter from her treating doctor.  Plaintiff requested Unum to reconsider the denial of the appeal based on accurate facts.  Plaintiff also reasserted that she would be willing to attend an IME if Unum agreed to reinstate her benefits.

18. Unum responded by letter of August 7, 2017 in which it stated that the new information did not change its opinion and therefore re-asserted its previous denial of her claim.

19. UNUM unlawfully denied Plaintiff benefits she is entitled to under terms of the disability policy.

20. Plaintiff appealed the denial, but UNUM upheld its previous decision.

21. UNUM's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

22. Plaintiff has exhausted her administrative remedies and now timely files this suit to reverse UNUM's denial of benefits.

23.  UNUM has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

24. UNUM has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

25. UNUM has abused its discretion by failing to consider her medical condition in relation to the actual duties of her occupation.

26. Unum's decision was motivated by a financial conflict of interest.

27. UNUM administered Plaintiff's claim with an inherent and structural conflict of interest as UNUM is liable to pay benefits from its own assets to Plaintiff, and each payment depletes UNUM's assets.

28. UNUM has failed to give the policy and Plan a uniform construction and interpretation.

29. Unum has failed to follow or provide a reasonable claims procedure.

30. Unum has abused its discretion by interpreting policy language in an unreasonable manner in order to suits its interests.

31. UNUM chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

32. As a routine business practice, UNUM uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

33. UNUM's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

34. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

35. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

36. Defendants' denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)(T.A.)
James F. Willeford (La. 13485)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willlefordlaw.com